IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| DONALD BERRY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| ASSET ACCEPTANCE, LLC | ) | Jury Trial Demanded |
| Defendant. | ) | |

## COMPLAINT

### JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331, and 15 U.S.C. § 1692k(d).

2. This action arises out of violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") by Defendant in its illegal efforts to collect consumer debts.

3. Venue is proper in this District because the acts and transactions occurred here.

### PARTIES

4. Plaintiff Donald Berry (hereinafter referred to as "Plaintiff") is a natural person who resides in Knox County, Tennessee and a "consumer" as defined by 15 U.S.C. § 1692a(3).

5. Defendant Asset Acceptance, LLC (hereinafter "Asset") is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), that maintains Corporation Service Company, 2908 Poston Ave., Nashville, TN 37203-1312, as its registered agent for service of process.

### FACTUAL ALLEGATIONS

6. Asset has alleged Plaintiff incurred an obligation to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5), namely, a credit card debt allegedly originally owed to or serviced by Bank of America. (hereinafter "BoA").

7. After default, Asset purchased the debt for purposes of collection from Plaintiff.

8. Asset is engaged in the business of purchasing defaulted consumer debts and attempting to collect them by telephone calls, collection letters, credit reporting and collection lawsuits.

### *Attempting To Collect Interest and/or Fees Waived By Original Creditor*

9. On or about October 30, 2014, Asset responded to a debt validation letter sent to it by sending a validation statement and credit card statements. *Copy of relevant portions of the validation response and credit card statements filed as Exhibits 1 & 2 to this Complaint.*

10. The validation response was sent to counsel for plaintiff in connection with collection of a debt and in an attempt to collect a debt, and each is a "communication" as defined by 15 U.S.C. § 1692a(2).

11. The validation response stated that Asset was seeking to collect: $6,240.55. Of which $4,995.18 was principal and the remaining $1,245.37 was interest. *See Ex.1.*

12. The final BoA credit card statement with a closing date of September 25, 2010, stated that the balance total was $4,995.18 *See Ex.2.*

13. Under federal banking regulations, a credit card debt must be charged off when it is 180 days overdue (it may be charged off earlier). Federal Financial Institutions Examination

Council, Uniform Retail Credit Classification and Account Management Policy, 65 FR 36903 (June 12, 2000).

14. Charge-off means that the credit card receivable is no longer carried on a bank's books as an asset.

15. Upon information and belief, BoA charged off the debt sometime prior to September, 2011.

16. On information and belief, BoA, from which Asset allegedly purchased the debt, did not charge interest after charge-off.

17. On information and belief, it is the policy and practice of Asset to add interest and/or fees to debts for the period prior to the date on which it claims to have purchased them, even if the original creditor of the debt did not add interest during that period.

18. On information and belief, BoA intentionally did not charge interest or fees after charge-off of the debt Asset allegedly purchased.

19. On information and belief, the standard form credit card agreements used by BoA provides that it may change the terms of the agreement from time to time, and that changes beneficial to the consumer such as a reduction in or waiver of interest may be effected immediately and without notice.

20. On information and belief, as a standard practice, and for a variety of sound business reasons, BoA waives interest and/or fees on credit card debts after charge-off for as long as it holds the debt.

21. On information and belief, BoA, which in accordance with standard business practices, waived interest and/or fees on Plaintiff's credit card debt, after charge-off.

22. If BoA waived the right to add interest and/or fees post-charge-off, Asset acquired the debt (if at all) subject to that waiver.

23. On information and belief, the amount of the debt Asset allegedly purchased from BoA did not include post-charge off interest.

24. On information and belief, Asset paid a price for the alleged debt it allegedly purchased based on the balance stated by BoA.

25. On information and belief, it is Asset's standard practice, after paying a price based on an amount that does not include post-charge off interest and/or fees, to seek collection of post-charge off, pre-acquisition interest and/or fees not charged by the original creditor.

26. Asset was not entitled to collect any interest or fees BoA did not actually charge during the time when BoA owned the debt.

27. By adding interest and/or fees to the amount of alleged debt allegedly purchased from BoA that had not been added by BoA after charge-off, Asset violated 15 U.S.C. §§1692e, 1692e(2)(A), 1692e(2)(B), 1692e(10), 1692f, and 1692f(1).

28. Further, Asset engaged in a false and deceptive collection practice (contrary to 15 U.S.C. §1692e) and an unfair debt collection practice (contrary to 15 U.S.C. §1692f), for adding unauthorized interest and/or fees to the alleged debt of Plaintiff.

### *November 10, 2014 Experian Credit Report*

29. Experian is a consumer credit reporting agency as defined in 15 U.S.C. § 1681a(f), and regularly engages in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing credit reports to third parties.

30. Plaintiff obtained a copy of his Experian credit report dated October 18, 2013, which showed that Asset was communicating information to Experian that Plaintiff owed the alleged debt. *Copy of credit report screen shot printed November 10, 2014 filed as Exhibit 3.*

31. Asset has been communicating information regarding the debt to Experian since at least May 2012, with the amount reported as $6,240.00 most recently in November 2014. *Ex.3*.

32. The reporting of the alleged debt to Experian is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

33. By communicating to Experian that Plaintiff owed a different and greater amount than what the lawsuit and sworn affidavit of BoA show, Asset violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(2)(B), 1692e(8), and 1692e(10).

*Summary*

34. The above-detailed conduct by Asset in connection with collection of the debt and in an attempt to collect the debt was conduct in violation of multiple provisions of the FDCPA including, but not limited to the above-cited provisions of the FDCPA.

## TRIAL BY JURY

35. Plaintiff is entitled to and hereby respectfully demands a trial by jury. *U.S. Const. amend. 7; Fed.R.Civ.P. 38.*

## CAUSES OF ACTION

## COUNTS I-VII.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

**15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(2)(B), 1692e(8), 1692e(10), 1692f, and 1692f(1)**

36. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

37. The foregoing acts and omissions of Asset constitute numerous and multiple violations of the FDCPA including, but not limited to each and every one of the above-cited provisions

of the FDCPA, 15 U.S.C. §§ 1692 et seq., with respect to Plaintiff.

38. As a result of Asset's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1), in an amount to be determined at trial by a jury; statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A) in the amount of $1,000.00; and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Asset.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Asset:

## COUNTS I-VII.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(2)(B), 1692e(8), 1692e(10), 1692f, and 1692f(1)

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Asset and for Plaintiff, in an amount to be determined at trial by a jury;

- for an award of statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A) in the amount of $1,000.00 against Asset, and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Asset and for Plaintiff; and

- for such other and further relief as may be just and proper.

12/11/14                                Respectfully submitted,

**Donald Berry**

/s/     Brent S. Snyder
Brent S. Snyder, Esq., BPR #021700
2125 Middlebrook Pike
Knoxville, TN 37921
(865) 546-2141
Brentsnyder77@gmail.com
Attorney for Plaintiff

6